1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOANNA YI, | ) | CV 09-5823-SVW (JEMx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE AS TO WHY |
| v. | ) | REMOVAL WAS PROPER UNDER 28 |
| | ) | U.S.C. § 1446(b) |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Mortgage Electronic Registration Systems, Inc. filed a Notice of Removal with the Court on August 10, 2009.  Defendants Countrywide Home Loans, Inc. and ReconTrust Company, N.A, have consented to this removal.

Mortgage Electronic Registration Systems, Inc., included with its Notice of Removal a copy of the proof of service showing that Countrywide received service of the State Court action on May 12, 2009.

The Court notes that it has authority under 28 U.S.C. § 1446(c)(4) to independently review the propriety of removal.  Further, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendants have 30 days from the time process is served in which to file a notice of removal.  28 U.S.C. § 1447(b).  Defendant Countrywide Home Loans, Inc., was served 90 days prior to the filing of the Notice of Removal.  As the Ninth Circuit has noted, "there is a split in authority -- unresolved in this Circuit -- on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant."  United Steel v. Shell Oil Co., 549 F.3d 1204, 1208 (9th Cir. 2008).

Given that the removal statute is to be construed narrowly, and given the absence of clear authority requiring the Court to permit removal, Defendant Mortgage Electronic Registration Systems, Inc., is hereby ORDERED TO SHOW CAUSE why removal was proper under 28 U.S.C. § 1446(b) and why the Court should not remand the case to State Court pursuant to 28 U.S.C. § 1446(c)(4).

Defendant Mortgage Electronic Registration Systems, Inc. is further ORDERED to file with the Court proof of service of the State Court action with respect to Defendant ReconTrust Company, N.A. (if such service was in fact made).  See 28 U.S.C. § 1447(b).

///

///

Defendant Mortgage Electronic Registration Systems, Inc., has until Friday, October 2, 2009, to make such filings with the Court. Failure to make the requested filings will be construed as consent to the Court remanding the case to State Court.

The Status Conference remains as scheduled: October 5, 2009, at 3:00 p.m.


IT IS SO ORDERED.

DATED:    September 22, 2009

_____
     STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE